NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUAWEN HUANG, | No. 13-73688 |
| Petitioner, | Agency No. A201-208-122 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Huawen Huang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination in light of the inconsistencies as to Huang's marriage, his reasons for not submitting a household registration that named his wife and son, purported visits from family planning officers, and his wife's alleged forced abortion and IUD insertion. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Huang's explanations for the inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In light of this conclusion, we need not reach Huang's contention regarding corroborative evidence. In the absence of credible testimony, Huang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The 90-day stay of proceedings granted on November 20, 2015 has expired. Respondent's motion to lift the stay is denied as moot.

**PETITION FOR REVIEW DENIED**.